UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PASLEY,

    Plaintiff,

Case No. 07-15096

Honorable Nancy G. Edmunds

v.

HOME DEPOT U.S.A., INC.,

    Defendant.
                                     /

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [34]**

At a hearing held on October 22, 2008, this matter came before the Court on Defendant Home Depot's motion for summary judgment [34], filed on September 9, 2008. A hearing date was set for October 22, 2008. Plaintiff's tardy response was filed on October 20, 2008 [37], despite this Court's Order [36] to have it filed by October 14, 2008. Defendant's reply was filed October 21, 2008.

Discovery in this matter closed on September 2, 2008. The cut-off date set for dispositive motions was October 1, 2008.

For the reasons stated below and on the record, Defendant's motion for summary judgment is GRANTED.

**I.  Background**

The incident that gives rise to Plaintiff's lawsuit occurred on November 5, 2004, at the Home Depot store located at 25451 Michigan Avenue, Dearborn Heights, Michigan, when Plaintiff was confronted and accused of shoplifting a pair of work gloves. Plaintiff filed a

complaint against Home Depot on November 2, 2007 in Wayne County Circuit Court. Defendant Home Depot subsequently removed the matter to this Court on grounds of diversity jurisdiction.

Plaintiff's complaint alleges that (1) he was on Defendant's premises as a business invitee; (2) Defendant Home Depot breached the duty of care owed to Plaintiff when its employees used excessive and unnecessary force on him; and (3) as a result of Defendant's breach, Plaintiff suffered serious and continuing injury to his chest, right arm and right shoulder thus preventing him from working as a carpenter for more than six months. (Compl. ¶¶ 5, 24-25, 26-32.) Plaintiff further alleges that Defendant Home Depot failed to provide adequate training to its security staff and, as a direct and proximate result of Defendant's negligent failure to train, Plaintiff suffered serious and continuing injuries. (Compl. ¶ 33.) Plaintiff's complaint seeks over $100,000 in damages.

Specifically, as to the intentional torts asserted in Plaintiff's complaint, it is alleged that (1) he was falsely accused of shoplifting some work gloves; (2) Rudy Vassar, a member of Defendant's security staff, assaulted and battered Plaintiff, causing serious injury to his right arm, shoulder and chest muscles; (3) other, unidentified employees of Defendant also physically attacked and battered Plaintiff; (4) during the attack on Plaintiff, a cashier was screaming that she had made a mistake and failed to charge Plaintiff for one pair of gloves; (5) Defendant Home Depot maliciously prosecuted Plaintiff with retail fraud and assault and battery; and (6) the charges against Plaintiff were ultimately dismissed by the City Attorney for Dearborn Heights.

**II.    Analysis**

This matter is now before the Court on Defendant Home Depot's motion for summary judgment, filed after the close of discovery.  Defendant's motion is granted for the following reasons.

All intentional torts alleged in Plaintiff's complaint, even those alleged under the doctrine of respondeat superior, are barred by Michigan's two-year statute of limitations. Mich. Comp. Laws §§ 600.5805(2), (5).

Plaintiff's negligence claim is not barred by the applicable statute of limitations.  Mich. Comp. Laws § 600.5805(10) provides for a three year statute of limitations period for negligence claims.  Nonetheless, Defendant Home Depot's motion for summary judgment on this claim is likewise GRANTED.

Plaintiff has failed to come forward with any evidence that refutes Plaintiff's deposition testimony that his injuries were the result of intentional as opposed to negligent conduct on the part of Defendant's employees. More importantly, Plaintiff provides no support for his claim that Defendant Home Depot was negligent because it failed to adequately train its security staff.  Despite the fact that the discovery cut-off date has passed and Plaintiff has not requested an extension, the record is completely void of any deposition testimony, affidavits, or documentary evidence that addresses Defendant Home Depot's training procedures for its security staff in suspected shoplifting incidents let alone any that supports Plaintiff's claim that Defendant's training was inadequate and thus caused Plaintiff's injuries.

## III. Conclusion

For the above-stated reasons, Defendant's motion for summary judgment is GRANTED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: October 23, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 23, 2008, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager